IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITY OPTO TECHNOLOGY CO., LTD.,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC and L G SOURCING, INC.,

    Defendants.

OPINION & ORDER

18-cv-27-jdp

---

Plaintiff Unity Opto Technology Co., Ltd. is suing defendants Lowe's Home Centers, LLC and L G Sourcing, Inc. for infringement of four patents that relate LED light fixtures. Defendants have moved to transfer or dismiss the case under 28 U.S.C. § 1406 for improper venue or, in the alternative, to transfer the case under 28 U.S.C. § 1404. Dkt. 17. For the reasons explained below, the court will grant the motion to transfer under § 1406.

## ANALYSIS

In a case such as this one brought under the Patent Act, venue is proper in a judicial district if the defendant: (1) "resides" in that district; or (2) "has committed acts of infringement" and has "a regular and established place of business" in that district. 28 U.S.C. § 1400(b); *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957). This court has held that the plaintiff has the burden of proving that venue is proper under § 1400(b), *Niazi v. St. Jude Med. S.C., Inc.*, No. 17-cv-183, 2017 WL 5159784, at *2–3 (W.D. Wis. Nov. 7, 2017), and neither side challenges that conclusion, so there is no need to consider that question again.

Unity does not contend that either defendant "resides" in the Western District of Wisconsin, so the court need not consider that question either. And the parties assume that Unity has adequately alleged that both defendants have committed acts of infringement in this district. The issue is whether both defendants have "a regular and established place of business" here.

Defendants concede that Lowe's Home Centers has a place of business in this district in the form of a retail store in Plover, Wisconsin. But defendants deny that L G Sourcing has a place of business here and they contend that the case should be transferred to the Western District of North Carolina as to both defendants because venue is proper there as to both defendants and it would be inefficient to sever the case. Unity does not deny that venue would be proper in North Carolina and it does not object to defendants' request to transfer the case as to both defendants if venue is not proper as to L G Sourcing. So the only question is whether L G Sourcing has "a regular and established place of business" in the Western District of Wisconsin.

The Court of Appeals for the Federal Circuit recently provided guidance on the question of how district courts should determine whether a defendant has a regular and established place of business in a particular district. *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017). The court identified three requirements for satisfying § 1400(b): (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b). *Cray*, 871 F.3d at 1360.

Unity does not dispute the declaration of David Green, the vice president of L G Sourcing, that L G Sourcing "does not own, lease, maintain, or operate any facilities in the

2

Western District of Wisconsin" and "does not have any employees who reside" here. Dkt. 18, ¶¶ 8–9. Instead, Unity's position is that the retail store for Lowe's Home Centers should qualify as a place of business for L G Sourcing because of the close relationship between the two companies.

Unity relies on the following allegations for treating both defendants as the same for the purpose of determining whether L G Sourcing has a place of business in this district:

- both defendants are subsidiaries of Lowe's Companies;

- L G Sourcing sources products for Lowe's Home Stores;

- Lowe's Home Stores "must work closely with [L G] Sourcing to monitor supply chain and manage customer specifications, monitor supplier product performance, and address product quality issues so that its warehouse inventory is continuously stocked," Dkt. 28, at 7;

- a job announcement for "Lowes" shows that the company is seeking a "millwork specialist" in Janesville, Wisconsin;

- Unity's infringement allegations against both defendants relate to the same patents and the same accused products;

- L G Sourcing's vice president also has a position with defendants' parent company;

- customers who buy products off www.lowes.com can pick up items at Lowe's retail stores;

- L G Sourcing's website includes the same "Lowe's" logo as www.lowes.com, which "shows its sourcing partners . . . that each Lowe's Home [retail store], including the one in this District, is part of [L G] Sourcing's network of business," *id.* at 14;

- L G Sourcing "inspect[s] and test[s] products manufactured by global vendors before approving them for shipment to Lowe's Home stores in the United States," using standards from Lowe's Home Centers, *id.* at 15.

Defendants dispute some of these allegations, but even if the court assumes that all of them are true, they show only that defendants are both subsidiaries of the same parent company and that they collaborate on matters common to both of them. That's not sufficient to treat defendants as interchangeable for the purpose of determining whether each has a place of business in this district.

The general rule is that related corporate entities are legally distinct. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). For example, in the context of a personal jurisdiction analysis, it is well established that the contacts of one corporation cannot be attributed to another corporation, even if the two companies have a parent and subsidiary relationship, unless the parent exercises "an unusually high degree of control" or "the subsidiary's corporate existence is simply a formality" so that it is appropriate to pierce the corporate veil. *Abelesz v. OTP Bank*, 692 F.3d 638, 658–59 (7th Cir. 2012) (internal quotations omitted).

Both the Court of Appeals for the Seventh Circuit and the Court of Appeals for the Federal Circuit follow the same general principle in the venue context. *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733–34 (7th Cir. 2013) ("[T]he parent's control of its subsidiary must be more extensive than the typical parent-subsidiary relationship to support the exercise of venue over the parent based on the activities of the subsidiary."); *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985) (noting that "[t]he corporate form is not readily brushed aside," but holding that "piercing the corporate veil is appropriate in order to establish venue under the patent venue statutes" in situations in which one corporation is acting as the alter ego of the other). *See also* Charles Alan Wright et al., 14D *Federal Practice & Procedure* § 3823 (4th ed.) ("So long as a formal separation of the entities is

preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other [in context of § 1400(b).").

Unity simply ignores these principles in its brief and it has not attempted to show that it is appropriate to pierce the corporate veil in this case. Because there is no authority for the view that venue is proper as to one corporation simply because that corporation "works closely" with another corporation that may be sued in that district, Unity has failed to meet its burden to show that venue is proper in this district.

Unity asks for discovery related to venue, but discovery is not appropriate unless the party first makes a prima facie showing that venue is proper. *Niazi*, No. 17-cv-183, 2017 WL 5159784, at *4. Because Unity has not identified any reason to believe that discovery would reveal that L G Sourcing has a regular and established place of business in this district, the court will deny Unity's request and grant defendants' motion to transfer this case to the Western District of North Carolina.

In light of the court's conclusion under § 1400(b), it is not necessary to decide whether transfer is appropriate under § 1404, which allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. But § 1404 would likely provide an alternative ground for transfer.

Unity does not allege that any of the parties has a special connection to Wisconsin. Unity is a Taiwanese corporation and both defendants are located in North Carolina. The only connection with Wisconsin is sales of the accused products, a connection that many other districts have. Although Unity says that its choice of forum is entitled to deference, "the presumption in favor of the plaintiff's choice of forum is diminished when it is not its home

5

forum." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008) ("The more tenuous a party's relation to the forum, the weaker its case for litigating there.").

The only reason that Unity identifies for litigating its claims in this district is that cases generally are resolved faster in this district than they are in the Western District of North Carolina. But even if that is correct, speed is only one factor to consider. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Because Unity identifies no other reason for litigating the case here, the relative speed of the courts would not be a sufficient justification for keeping the case. *Hangartner v. Intel Corp.*, No. 13-cv-663, 2014 WL 266802, at *2 (W.D. Wis. Jan. 24, 2014) ("Although [speed] is one relevant factor, [this court has] never found that it is a sufficient reason by itself to keep a case in a district that has no special connection to the dispute.").

ORDER

IT IS ORDERED that the motion to transfer this case to the Western District of North Carolina under 28 U.S.C. § 1406, Dkt. 17, is GRANTED.

Entered May 4, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge