UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITY OPTO TECHNOLOGY CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC and<br>L G SOURCING, INC.<br><br>Defendants. | Case No. 5:18-cv-00076-FDW<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS LOWE'S HOME CENTERS, LLC AND LG SOURCING, INC.'S
REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING REEXAMINATION
REQUESTS OF THE ASSERTED PATENTS**

## I. INTRODUCTION

In opposition to Defendants Lowe's Home Centers, LLC ("LHC") and LG Sourcing, Inc.'s ("LGS") (collectively, "Lowe's") motion to stay (D.I. 53 ("Opp.")), Plaintiff Unity Opto ("Plaintiff") argues that the Court should not stay this action because the instituted reexamination *might* take up to five years and because some of the asserted claims *might* emerge from the proceedings without being cancelled or modified. However, Plaintiff's own submissions demonstrate that the reexamination will likely conclude in less than two years and that in the vast majority of instituted proceedings (nearly 80%), the examined claims are either cancelled or modified). Given the early stage of this litigation and the high probability that the asserted claims in this action will not exist in their current form following the pending reexamination proceeding, it would be a waste of the Court's and the parties' resources to proceed with this action prior to the conclusion of the reexamination, and the Court should grant Lowe's motion.

## II. ARGUMENT

### A. Defendants Have Demonstrated A Clear Case Of Hardship In Continuing This Litigation

Hardship is but one consideration for a stay. *See ePlus, Inc. v. Lawson Software, Inc.*, No. 3:09-cv-620, 2010 U.S. Dist. LEXIS 31322, at *15 (E.D. Va. Mar. 31, 2010) (evaluating factors for stay). Defendants established a clear hardship—being forced to litigate the instant action while the reexamination proceedings are in progress when the claims will likely not survive in their current form. From the Patent Office's grant of almost all the grounds of invalidity pending in the reexamination requests against the majority of the claims of the Asserted Patents, it is clear that the Asserted Patents suffer from validity issues. With the timing of the instant case still in its infancy and the reexamination proceeding already instituted, the

1

issue of validity will likely be resolved by the Patent Office in less than two years.[1]  Opp. at 8.

Plaintiff points to statistics allegedly showing that 21% of claims will emerge from reexamination unaltered (Opp. at 4-5), but ignores the most telling statistic; namely that in the other 79% of reexaminations the claims are either cancelled entirely or result in certificates being issued with claim changes.  *See* Huang Decl., Ex. A, at 2.  Given the high likelihood that the asserted claims will be cancelled or modified, litigating this case while the reexaminations are in progress would likely result in unnecessary duplication and wasted effort.

> B.   **The Early Stage Of The Litigation In View of the Already-Initiated Reexamination Warrants A Stay**

Plaintiff's suggestion that Lowe's caused some delay in this litigation is misplaced.  When Plaintiff first filed the complaint in the incorrect jurisdiction, Lowe's moved, unopposed, for an extension of time to file a responsive pleading, in part, to address the numerous deficiencies in Plaintiff's complaint.  Opp. at 2.  In response to Lowe's motion to dismiss or transfer, the District Court for the Western District of Wisconsin properly transferred the litigation to this Court because Plaintiff failed to demonstrate that venue was proper as to LGS in Wisconsin.  Any delay was due to Plaintiff's defective pleading, not the result of anything caused by Lowe's.  *In re ZTE (USA) Inc.*, No. 2018-113, 2018 U.S. App. LEXIS 12498, at *10-11 (Fed. Cir. May 14, 2018) ("Section 1400(b)'s intentional narrowness supports placing the burden of establishing proper venue on the Plaintiff.").  Finally, while the scheduling order allowed for discovery to commence in the previous venue following the Rule 26(f) conference, Plaintiff failed to serve any discovery on Lowe's to advance this case while awaiting a decision on Lowe's motion to transfer.  Thus, Plaintiff's complaints of alleged delays are without merit as any delays are of its own making.

---

[1] Although an appeal would add additional time, that time should not be considered since any appeal would be at the discretion of the Patent Owner.

Neither party has expended significant resources in this litigation, and as such, a stay would not present any prejudice. Contrary to Plaintiff's allegations, Lowe's acted expeditiously in filing this motion to stay within two weeks of the case being transferred. Importantly, the litigation is in its early stages and the reexamination has already been instituted, and thus Plaintiff cannot show that the litigation has advanced farther than the reexamination. *JuxtaComm-Texas Software, LLC v. Lanier Parking Sys. of Va., Inc.*, No. 3:11-CV-299, 2011 U.S. Dist. LEXIS 84924, at *6 (E.D. Va. Aug. 2, 2011) ("the proper inquiry considers, 'the stage of the litigation in comparison to the stage of the PTO reexaminations.'") (quoting *MercExchange, LLC v. eBay Inc.*, 500 F. Supp. 2d 556, 565 (E.D. Va. 2007)).

C.     **Unity Opto Will Not Be Unduly Prejudiced By A Stay**

Plaintiff submits that "the LED light panel market is highly competitive and Unity Opto regularly competes with Defendants in the same retail channels for sale of LED products." Opp. at 10. In support of this premise, Plaintiff has submitted a conclusory and self-serving declaration from Jason Kuo of Unity Opto ("Kuo Decl.") that fails to set forth any credible evidence of prejudice to Unity Opto that would arise from a stay.

LHC is a national home improvement retailer that sells products to customers through its retail stores. LGS imports certain products that are sold in LHC retail stores. Neither LHC nor LGS competes with Unity Opto, a component manufacturer for LED products. Unity Opto resorts to conclusory assertions in its declaration to try to conceal this fact. First, the declaration states that "Unity Opto LED components are assembled into LED products such as LED light panels that are later sold to customers in the United States through home improvement retail stores." Kuo Decl., ¶3. The declaration then states that "[t]he LED light panel market is highly competitive between LED component manufacturers such as Unity Opto and between retailers of LED products such as Defendants" and "Unity Opto regularly competes with Defendants in the

3

same retail channels for sale of LED products." *Id.*, ¶¶4-5.  No facts support this conclusory assertion, and it is clearly incorrect on its face.  While Unity Opto may compete with other component manufacturers, the declaration fails to establish that Unity Opto is a retailer (it is not) or that Unity Opto competes in any way with either LHC as a retailer of finished products or with LGS as an importer.

Unity Opto could have elected to sue the component manufacturer or the supplier of the accused product, but it chose not to.  It is unclear (and unestablished) how Unity Opto could be suffering from "price erosion" caused by either Lowe's entity.  Kuo Decl., ¶¶6-7.  If this were true then Unity Opto should have moved for a preliminary injunction to stop the alleged infringement, or at least served discovery once permitted to do so.  However, Unity Opto chose not to pursue either course of action, further demonstrating the lack of prejudice from a stay.  *See Insituform Techs., Inc. v. Liqui-Force Servs., (USA), Inc.*, No. 08-11916, 2009 WL 1469660, at *2 (E.D. Mich. May 26, 2009) (failure to move for temporary restraining order or preliminary injunction a factor in finding a stay not unduly prejudicial).

Lastly, the Complaint only identifies a single product as infringing the Asserted Patents in its Complaint.  *See* Compl., ¶2 ("infringing products related to light fixtures, including without limitation the Utilitech 2x2 LED Panel Light Model Number SK4K22.").  While Plaintiff refers to additional unspecified "LED products" in the Kuo Declaration, to date Plaintiff has failed to identify any other product at issue.  The identification of a single accused product hardly supports the alleged broad harm to Plaintiff's business.  Further, the Asserted Patents are narrowly focused on specific LED lighting fixtures including a frame, and thus the potential universe of any additional accused products is clearly limited.  *See* Compl., ¶¶13, 17, 21, and 25.

Thus, given that the narrow focus of the case, it strains credibility that the sale of a single LED product by LHC could cause significant harm to Plaintiff's broad LED product business.

### D. A Stay Will Simplify The Issues

All of the asserted claims of the Asserted Patents were covered by the reexamination requests. If a stay is not granted, both this Court and the Patent Office will be evaluating the validity of the Asserted Patents in parallel, risking potential diverging holdings, which does not serve the interests of any party and creates a clouded record for further enforcement of the Asserted Patents.

Plaintiff observes that Defendants may not have filed the reexaminations. Opp. at 16. But whether Defendants filed the reexaminations is not a factor in determining whether a stay is appropriate. Since the reexaminations have been instituted by the Patent Office, the parties and the Court should avail themselves of that process to evaluate the validity of the Asserted Patents.

## III. CONCLUSION

The decision to stay this case falls within the sound discretion of the trial court. This case is in its infancy and thus, this case is ripe for a stay pending the reexamination proceedings before the Patent Office.

Dated: June 8, 2018

Respectfully submitted,

s/Melissa A. Romanzo
Melissa A. Romanzo (N.C. Bar No. 38422)
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
Telephone: (704) 378-4700
Facsimile: (704) 378-4890
mromanzo@huntonak.com

Michael A. Oakes (admitted *pro hac vice*)
Steven L. Wood (admitted *pro hac vice*)

HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 419-2172
Facsimile: (202) 778-7459
moakes@huntonak.com
swood@huntonak.com

*Counsel for Lowe's Home Centers, LLC and L G Sourcing, Inc.*

## CERTIFICATE OF WORD COUNT

The foregoing DEFENDANTS' LOWE'S HOME CENTERS, LLC AND LG SOURCING, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING REEXAMINATION REQUESTS OF THE ASSERTED PATENTS complies with the limitations set forth in Section 3(b)(iv) of the Judge Whitney's Initial Scheduling Order and contains 1,490 words, which is less than the allowed 1,500 words.

This the 8th day of June, 2018.

s/Melissa A. Romanzo
Melissa A. Romanzo

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and that such filing will be sent electronically using the CM/ECF system to all counsel of record.

      This 8th day of June, 2018.

                                       s/Melissa A. Romanzo
                                       Melissa A. Romanzo